ASA McKENZIE, ADM'R vs. HUNT & CONDRY.

*Error from Lauderdale Circuit Court*—Before the Hon.
JOHN WHITE.

———◆———

The declarations and acts of a vendor, as to the ownership of property
which he has conveyed to another, cannot be given in evidence, to de-
feat the right of his vendee.
A vendor is a competent witness to prove the fairness of a sale he has
made.

This was a case, under the statute, for the trial of the right
of property. The record disclosed, that the defendants in
error had originally obtained a judgment against one Brice
M. Mayfield, whereon a *fieri facias* had regularly issued.
The sheriff returned on the execution that he had made a levy
to satisfy the same on certain personal property described in
his return. Before a sale had been effected, of the property
levied on, Booker claimed the same as trustee to a deed of
trust, executed between the said Mayfield and one Asa Mc-
Kenzie. On the trial of the cause, it appeared in evidence,
that the property in question had been sold by Mayfield to
McKenzie, for whose use it was claimed by Booker, as trus-
tee. It further appeared in evidence, that by the agreement
of sale, the said Mayfield was to retain the possession of the
property for a stipulated period.

The plaintiff in execution offered evidence to show that
Mayfield proposed to part with some of the property in ques-
tion, after the sale, and without consulting either McKenzie
or Booker. He also offered to give in evidence the declara-
tions of Mayfield, as to the ownership of the property after
the sale. To all of which the claimant objected.

M'Kenzie
vs.
Hunt & Con-
dry.
The court overruled the objections, and permitted the evidence to go to the jury, as circumstances which they might consider, in connection with others, in determining whether the sale from Mayfield to McKenzie, was fraudulent, as to Mayfield's creditors, or not. The court charged, that the circumstances were of themselves slight, and entitled to but little weight ; but as it was out of the ordinary course of affairs for a man to offer to sell what was not his own, the jury might well consider the facts, and give them what weight they were entitled to. The plaintiff in error excepted to this charge and opinion of the court, and assigned for error, that the declarations of Mayfield, together with his acts, as set out in the bill of exceptions, should have been excluded from the jury.

ORMOND, for Plaintiff in error—1 *Stewart,* 198.

HOPKINS, *contra.*

By Mr. Chief-Justice LIPSCOMB :

This was a trial of the right of property in the court below. The defendants in error were plaintiffs in an execution against one Brice M. Mayfield, and caused the execution to be levied on certain property in the possession of Mayfield, which was claimed by one Booker, as trustee, to whom it had been sold by Mayfield, to secure a debt due from him to McKenzie, the plaintiff in error. By the deed of sale it was expressed, that the property should remain in the possession of Mayfield, the vendor, for a stipulated time. On the trial of the right of property, the plaintiffs in the execution, were permitted by the court, to give in evidence the declarations of Mayfield, as to the ownership of the property, and that he had offered to sell a part of it after he had conveyed it to Booker ; but that these declarations and offer to sell, were not known to the trustee Booker, nor to McKenzie, for whose use the property had been conveyed. The court be-

M'Kenzie
vs.
Hunt & Con-
dry.

low, in admitting this testimony, charged the jury that they might take it into their consideration, as circumstances slight in themselves, but entitled to such weight in determining, whether the conveyance to Booker was fraudulent or not, as they might think proper to give it. The objections to this testimony are, that it is secondary—not by a party to the suit—and that the declarations were made by one who was a competent witness. I am aware, that the practice of the courts authorises a great deal of latitude in the admission of testimony, where the question is on the fraud or fairness of the transaction ; and I am inclined to the opinion, that under some circumstances, the declarations of the vendor, or his acts, would be admissible evidence to impeach the fairness of the sale. If these declarations were a part of the *res gesta*, and made whilst the sale was being made, or the offer to sell as his own property by the vendor after the contested sale, to the claimants of the property, had been given by way of im-pairing the credibility and weight of the vendors' testimony ; it seems to me that it would have been proper to admit it. Mayfield was certainly a competent witness to prove the fairness of the sale he had made, and if the claimants of the property had introduced him for that purpose, it would have been the privilege of the plaintiffs in the execution to destroy his credibility, if in their power—and in doing so, it would have been competent for them to have proved that his acts and declarations were inconsistent with the truth of what he had sworn. In the case of *Martin* vs. *Kelly*,[a] this court ruled, that the declarations of the vendor after sale, could not be given in evidence to defeat the right of the purchaser. This is a case very much in point. We are of opinion, that although the testimony was admitted under great restriction and cau-tion by the court, the circumstances of the case did not ren-der it admissible at all, and that it ought to have been re-jected.

[a] 1 Stew. 198

The judgment must be reversed, and the cause remanded.