HOLMAN *vs* ARNETT, et al.

HOLMAN VS. ARNETT, et al.

*As to the competency of a defendant in attachment to testify as a witness.*

1. One whose property has been *levied* on in attachment, is a competent witness to show a sale of the same property to a vendee, previous to the levy—it not appearing that a sale of the property has been made, and the proceeds applied to the satisfaction of a final judgment against the defendant in the attachment.

Error to the Circuit Court of Lauderdale.

This was trespass, *vi et armis*, against William Arnett, Charles Manor, Griffin Reed, and Levi Todd, for taking a wagon. The defendants plead not guilty; and on that plea, verdict and judgment were rendered for them.

On the trial below, the plaintiff offered in evidence, the deposition of Joseph Surber, duly and regularly taken, to prove that he had sold and delivered to the plaintiff, the wagon, for the taking which the action was brought.

The tostimony of Surber was objected to, on the ground that he was incompetent to testify: and it was proved that the wagon had been levied on as the property of Surber, the proposed witness, in virtue of an attachment in the hands of Arnett. The Court sustained the objection, and refused to permit the evidence to go to the jury—on which the plaintiff took his exception.

HOPKINS, J.—In this case, the action was tres-
pass against the defendants, for forcibly taking from
the possession of the plaintiff, and carrying away a
wagon, which belonged to him.   The defendants
proved, that an attachment had been levied on the
wagon, as the property of one Surber, whose deposi-
tion the plaintiff offered as evidence that the proper-
ty was his, in virtue of a sale of the wagon to him,
which the witness had made.   The Court reject-
ed the evidence, on the ground that the witness
was incompetent.

If the property had been sold under the attach-
ment, and the proceeds applied towards the satisfac-
tion of a final judgment in the suit against Surber,
he would have been an incompetent witness for the
plaintiff.   The proceeds of the sale having been so
applied, would give him a right to a credit for the
amount on the judgment which would not be affect-
ed by the recovery of the plaintiff.   In such a
case, he would be interested that the plaintiff should
recover.   Such a result would not make him lia-
ble as vendor to the plaintiff, as a judgment for
the defendants in the action might and would leave
his right to the credit for the proceeds unimpaired.[*]
*1 Porter's
R. 1st ed.   The only ground disclosed by the record, to shew
101.
the incompetency of the witness, is, that the proper-
ty had been levied on as his.   If the property had
not been sold, and the proceeds applied to a judg-
ment against him in the suit by attachment, he was
a competent witness when his deposition was offer-
ed.   In such a case, his interest would be as great
on one side as upon the other, as he would have no
right, after the recovery of the plaintiff, to have a

credit for the value of the property upon the judg-
ment in the suit by attachment.*

The Court erred in rejecting the testimony.

Let the judgment be reversed, and the cause re-
manded.

*1 Gallis.
Rep.637; 1
Stewt. R.
198.