Stewart v. Fowler.

---

## STEWART v. FOWLER.

1. When the acknowledgment of a deed of trust, conveying personal property to a trustee, for the benefit of certain creditors, is made by the grantor, and the delivery is said to be acknowledged to the *cestui que trust*, instead of the trustee, it is a substantial compliance with the statute, and the deed is properly admitted to record on such an acknowledgment.

2. A grantor who has a resulting trust in the property conveyed, is not a competent witness for his grantee, in an action of trespass, although he is introduced only to prove the consideration of the deed.

Writ of error to the County Court of Morgan.

TRESPASS for taking and carrying away a slave. The defendant pleads not guilty, and justification.

The plaintiff introduced a deed of trust in evidence, by which

it appeared that Aaron Perry had conveyed the slave in controversy, to Malcajah D. Fowler, in trust to sell, for the purpose of paying certain liabilities of Perry, to John Fowler, James Teague and Francis M. Roby. No specific resulting trust is reserved to Perry by the deed.

The deed was admitted to record on this certificate:

"Personally appeared before me, Thomas Price, clerk of the County Court of Morgan county, Alabama, the above named Aaron Perry, who acknowledged that he signed, sealed and delivered the foregoing deed, on the day and year therein mentioned, to the aforesaid John Fowler, James Teague, and Francis M. Roby. Given, &c."

To the admission of the deed, thus certified *as a registered deed,* the defendant objected, but the Court overruled the objection, and the defendant excepted.

Perry, the grantor, was then introduced as a witness to prove the considertion of the deed; he was objected to by the defendant, and the objection being overruled; the defendant excepted.

It also appears by the bill of exceptions, that the defendant justified under certain executions against Perry, but they were excluded from the jury.

A verdict was found for the plaintiff, on which judgment was given. The defendant now assigns as error:

1. The admission of the deed as a *registered deed.*
2. The admission of Perry, the grantor, as a witness.

McClung, for the plaintiff in error.

Hopkins, contra, submitted the case without argument, upon briefs:

GOLDTHWAITE, J.—1. The first question raised by the assignment of errors is, whether the deed, given in evidence in this case, was properly admitted to record under the statute which requires the registration of deeds of trust within a limited period.

We think this question is similar to one decided in the case of Bradford v. Dawson & Campbell, 2 Ala. Rep. 203, where we considered that a substantial compliance with the requisitions of the statute, would be sufficient. It is true, that the acknowledgment was of a delivery of the deed to the *cestui que*

*trust*, and not to the trustee, who is the grantee named in the deed.

The delivery to the beneficiaries of the trust, we consider equivalent to a delivery to the grantee, and therefore, the deed was properly admitted to record; it follows then that there was no error in admitting the certificate, as proof of its registration.

2. The other question respecting the admission of the grantor, as a witness, to prove the consideration of the deed, although assigned as error, is not noticed in the brief submitted with the record, and if the case had been argued, and the counsel had then omitted to raise the question, we should not have examined it, but according to our course of practice have considered it as waived. As however, the case is submitted on the errors assigned, we do not feel warranted in considering the point as waived.

In general, the grantor, is not a competent witness to support the title of his grantee. Hermance v. Vernay, 6 Johns 5; Pruit v. Lowry, 1 Porter, 101; Holman v. Arnett, 4 Porter, 63. But with us he is held an indifferent witness, when the contest is between an attaching creditor and his own vendee. McKenzie v. Hunt, 1 Porter, 37; Holman v. Arnett, 4 Porter 63.

The case here presented is that of a grantor who has a resulting trust to the excess which shall remain after the application of the property conveyed, to the discharge of the debts secured by the deed of trust; he is therefore in effect called to support his own title.

Nor does the fact, that he was called only to prove the consideration of the deed, make such a distinction as to render him competent, because the effect of such testimony may be to sustain his resulting interest, as well as his grantee's title.

We think he was improperly admitted, and for this error, the judgment is reversed, and the cause remanded.