## TRAYLOR v. MARSHALL.

1. Although an administrator cannot sell the estate of his intestate at private sale, and without an order of the orphans' court, yet if one thus sells without authority, and the property is delivered to the purchaser, and afterwards taken from his possession tortiously, he may maintain an action of detinue against the wrong doer.

Writ of Error to the Circuit Court of Perry.

THIS was an action of detinue at the suit of the defendant in error. The cause was tried on the general issue and a verdict and judgment rendered for the plaintiff. A bill of exceptions was sealed at the instance of the defendant, from which it appears that the plaintiff having made due proof of a bill of sale from Mary Tillman to himself for the slave sought to be recovered, dated the 7th February, 1841, read the same to the jury—proved that the slave was delivered to him by his vendor upon the execution of the bill of sale, and remained in his possession until December, 1842, when he removed to South Carolina, carrying the slave with him. In the winter or spring of 1843, the defendant went to South Carolina, took the slave from the plaintiff's possession, and brought him to Perry county. There was evidence tending to show, that defendant said his object in taking possession of the slave was to secure a debt which the plaintiff owed him.

A son of Mrs. Tillman and her deceased husband was introduced as a witness for the defendant, who testified that the slave in question, with some twenty others belonged to his father, at his death, an event which occurred in 1836; and that these slaves, and all the other property of the estate, went into possession of Mrs. Tillman, the plaintiff's vendor, who administered thereon—all of which, with the exception of the slave sold to plaintiff, still remains in her possession.

Traylor v. Marshall.

The defendant's counsel prayed the court to charge the jury, that if the slave in question was the property of the intestate's estate, and Mrs. Tillman held him as administrator thereof, then the sale by her to the plaintiff being private, and without the order of the orphans' court, conferred no title on him, and he cannot recover in this action. This charge was refused—the court being of opinion that there was no satisfactory proof that Mrs. Tillman's possession was as the administrator of her husband's estate, but if the proof upon this point was satisfactory, the manner in which the sale was made to the plaintiff, could not prejudice the plaintiff's right to recover.

A. GRAHAM, (of Perry,) for the plaintiff in error, insisted that to entitle the plaintiff to recover in detinue, he must prove a title to the thing sought to be recovered. Here the sale from Mrs. Tillman to the plaintiff, having been made privately, and without an order of court, no title vested in him, and he cannot recover of the defendant, though the latter may show no right to the slave. An examination of the evidence recited, will very satisfactorily show, that the charge prayed is not abstract. He cited 2 Starkie's Ev. 493; 2 Steph. N. P. 1309; 4 Ala. Rep. 442-521.

No counsel appeared for the defendant.

COLLIER, C. J.—We will consider this case upon the assumption that the charge prayed was pertinent to, and suggested by, the the facts proved. The questions then are, did the sale of the slave by Mrs. Tillman to the plaintiff vest the title in him, and if it did not, can the defendant avail himself of its invalidity?

In Weir v. Davis and Humphries, 4 Ala. Rep. 442, it was decided, that an administrator is not authorized to sell the personal estate of the intestate at private sale, and the purchaser under such circumstances does not acquire a valid title. But it was said, that although the title of the estate is not divested by the unauthorized sale, yet it does not follow that a creditor can subject the property to sale under execution.

To entitle the plaintiff to recover in an action of detinue, he must prove either a general or special property in the chattel and a right to the immediate possession. A bailee may maintain *detinue* or *trover* against a stranger who takes the goods out of his possession; and this whether the bailment be general or special, gratuitous or for a reward. So may a factor or other consignee, pawnee or trustee. [1 Ld. Raym. Rèp. 276; 2 Bing. Rep. 173; 2 Taunt. Rep. 302; 1 B. & A. 39; 1 Saund. Pl. & Ev. 435; 2 Stark. Ev. 493, 494.] In the citation from Saunders on Pleading and Evidence, it is said, that the proof which establishes a right of property in the plaintiff, is similar in *trover* and *detinue;* and in respect to the former it is laid down, that in general, possession of a chattel is *prima facie* evidence of property in the possessor; but if the plaintiff has never had possesion of the chattel, or if the contest be not with a mere stranger, but with one who will succeed in his proof of title, unless the plaintiff can prove a better, it is necessary for the latter to resort to strict evidence of title. [3 Stark. Ev. 1483.] If therefore the action be brought against a wrong doer, the mere fact of possession by the plaintiff, is usually sufficient evidence of title, although the plaintiff claim under a title which is defective. For the possession of property is *prima facie* evidence of ownership. [Id. 1488; 2 Saund. on Pl. and Ev. 878-9; 2 Miss. R. 151; 1 Dana Rep. 110.] If the possession of goods be tortiously taken, the plaintiff may waive the wrongful taking, and maintain detinue. [1 Miss. Rep. 749; 2 A. K. Marsh. Rep. 268; 4 Ala. Rep. 669.]

Although Mrs. Tillman, as the administrator of her husband's estate, was not authorized to sell the slave in question at private sale, and without an order directing his sale, yet the delivery of possession invested the plaintiff with the right of retention against every person who could not show a superior title. His purchase and possession gave him the semblance of title, defective it is true, but quite sufficient as against a wrong-doer. Because his purchase was ineffectual to pass the absolute right, the possession which was yielded to him, cannot be considered as so entirely void, that it may be divested at pleasure by one who makes no pretence of

title. The plaintiff, we think, may be regarded as favorably as a gratuitous or general bailee; and as these may maintain detinue upon their possession and liability over, may he not invoke the same reasons in favor of his right to sue?

The evidence recited in the bill of exceptions clearly indicates that the defendant was a mere trespasser—the fact that the plaintiff was his debtor cannot place him in any other predicament. For however this may be, no man can, without the agency of the law, seize the property of his debtor for the purpose of collecting or enforcing a payment of his debt. It follows that the circuit court, in disallowing the defence, ruled the law correctly—its judgment is consequently affirmed.