## McGUIRE *vs.* SHELBY.

1. A distributee of an estate is *prima facie* an incompetent witness, when his testimony tends to increase the funds of the estate, and the presumption of interest is not removed by proof to the court that the estate had been declared insolvent before the witness was sworn, the party against whom the evidence is offered being neither the personal representative, nor a creditor of the estate.
2. The possession of the mortgagee under the mortgage before the law day is not adverse to the mortgagor.
3. In detinue, the defendant cannot show that the plaintiff's possession of the property sued for was acquired by fraud, without connecting such fraud with his own title.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. E. Pickens.

This was an action of detinue, brought by Shelby against McGuire, to recover a slave. The evidence tended to show, that the slave was originally the property of one Thomas L. Holley, who, on the 6th October, 1842, executed an assignment conveying said slave and other property to said Shelby, for the benefit of his creditors; that said Holley had, on the 13th June, 1842, executed a mortgage on said slave to one Johnson, with a power of sale on the first day of November next thereafter, if the mortgage debt was not paid by that time, under which the slave in controversy went into the possession of the mortgagee, and was sold under the mortgage, in 1843, to House & Lyle, who bought her at the request of said Holley, and with the understanding that he should be permitted to redeem her; that she was afterwards redeemed by one Adams, with money most of which belonged to Holley, and the money paid by Adams towards her redemption was subsequently repaid to him by said Holley; that the bill of sale was taken in the name of Holley, by an understanding between Holley and Adams, for the purpose of avoiding the levy of execution on the slave; that in December, 1843, after the redemption, the slave went into the possession of Shelby, by the consent of Adams and Holley, and in March, 1844, Adams proposed to Shelby to purchase from him a number of slaves, including the one sued for, which Shelby assented to, on condition that Adams would execute to him,

for the purchase money, a mortgage on all the slaves intended to be included in the purchase; that Adams got possession of all the slaves, but failed to execute the mortgage, whereupon Shelby sued for and recovered all of them, except the one sued for in this action. McGuire, the defendant below, claimed under Adams, the slave having been placed in his possession as security for a debt of Adams' which he was bound for. On the trial of the case, the defendant in error offered the deposition of Bezant Holley, which tended to prove that the slave, after being bid off by House & Lyle, was redeemed by Thomas L. Holley—the taking of the bill of sale to Adams for the purpose as stated, the return of the slave into the possession of Thomas L. Holley; that she remained at his plantation for some time, when she went into the possession of Shelby. The answers of this witness also conduced to prove the facts before stated, as to the trade between Shelby and Adams for the slaves, and the conditions of the same in relation to the execution of the mortgage, and that he fraudulently obtained possession of the slave in controversy. It was shown by proof to the court, that this witness was the son of Thomas L. Holley, who was dead; and upon these facts being shown, the plaintiff in error moved to reject his deposition, which motion was overruled, on its being shown to the court that, before the deposition had been taken, the estate of said Thomas L. Holley had been reported and declared insolvent by the proper court. There was also evidence tending to show that the property in the deed of assignment, with the exception of the slave in controversy, was sold by the defendant in error, and purchased by one Griffin for less than its value, and that said Griffin has, without paying or securing the purchase money, re-sold it to defendant in error, on his agreeing to pay all the debts enumerated in the assignment, for some of which said Griffin was bound; that said debts were not all genuine, and that the amount of debts really due at the sale of the property was $700, and a small balance to the bank. The property sold under the assignment was nine negroes, worth $3,400.

The court charged, that if the slave sued for was held adversely at the time the deed of assignment made by Thomas L. Holley to the defendant in error was executed, then he was

29

not entitled to recover; but if the slave was held by Johnson at that time under the mortgage from Holley to him, that such possession would not be adverse.

The plaintiff in error requested the court to charge:

1. That if Holley and Adams, with their joint funds, purchased the negro of House & Lyle, and to secure himself, Adams took the bill of sale in his own name, then Holley could not transfer the title without a reconveyance, so as to authorize a recovery.

2. That if the defendant in error claimed as trustee in the assignment, and had sold the property as such, with the exception of the slave sued for, and it was purchased by Griffin, who was bound for the debts proven to be genuine, and that Griffin sold the property so bought to the defendant in error, on the consideration that he was to pay the debts specified in the assignment, a recovery could not be had.

3. That the presumption being that the creditors had assented to the assignment, if afterwards the defendant in error, as trustee, sold the property, with the exception of the slave in controversy, and afterwards bought the same from the purchaser on an agreement to pay the debts in the assignment, a recovery could not be had.

4. That if the defendant in error, at such sale, as trustee, sold property enough under the assignment, exclusive of the slave sued for, in value sufficient to satisfy the debts, and took the slaves into his possession, and appropriated them to his own use, the purchaser neither paying nor securing the purchase money, and the defendant in error paying nothing to the purchaser, that a recovery could not be had.

Which several charges were refused.

The court gave several charges, which were excepted to, but it is not necessary, as the points raised on them are not decided by the court, to state them.

The overruling the motion to reject the deposition, the charges given, and the failure to charge as requested, are assigned for error in this court.

WHITE & PARSONS, for plaintiff in error.

RICE & MORGAN, contra.

GOLDTHWAITE, J.—The first question presented by

the record in this case, arises upon the objection made to the admissibility of the deposition of Bezant Holley. The action was brought by the defendant in error to recover a slave, and one of the grounds on which, as the record discloses, he based his right to a recovery was, a deed of assignment executed by one Thomas L. Holley, conveying to him in trust, for the benefit of his creditors, the slave in controversy, and other property. The objections in the court below against the admissibility of testimony, were founded on proof made to the court that the witness was the son of Thomas L. Holley, who was dead at the taking of the deposition; and if the action of the court below, in overruling the objections taken to the evidence, had been based upon this state of facts alone, it would clearly have been erroneous. Under the assignment, the assignor was entitled to the excess remaining after the application of the property conveyed to him to the discharge of the debts specified in it, and this would have rendered him incompetent as a witness. Stewart v. Fowler, 3 Ala. Rep. 629. The same reasons which rendered the assignor incompetent, would exclude a distributee of his estate, as the tendency of his evidence would be to increase a fund in which he would be entitled to participate.

It was proved, however, that the estate of Thomas L. Holley, before the testimony of the witness was taken, had been reported and declared insolvent by the proper court; and the decisions of this court in the cases of McKinney v. McKinney, 2 Stewart, 17, and Tatum v. Manning, 9 Ala. Rep. 144, are conclusive in establishing the rule, that where a witness is *prima facie* incompetent, from being interested in a fund which his testimony tends to increase, his interest may be disproved by showing that the fund can be productive of no benefit to the witness. Under the influence of this rule, the only question upon this point is, as to the conclusiveness and effect of the decree of insolvency, considered with reference to the purpose for which it was received; or in other words, does the decree of insolvency, considered as evidence only, rebut the presumption of interest arising from the position occupied by the witness in relation to the estate. Under the statute which regulates the proceedings upon insolvent estates, the personal representative of the deceased, and the

creditors of the estate, are the only parties; and whatever may be the real situation of the estate, the court is bound to declare it insolvent, whenever it is so reported by the personal representative in the mode required by the statute, unless the report is contested by a creditor. Clay's Dig. 192, §§ 2, 3, 4. No notice is required to be given, save to the creditors; no one but a creditor is allowed to contest; and indeed it is apparent, from the purport of all the statutes in relation to this subject, that the decree of insolvency was intended simply to declare the *status* or condition of the estate, as between the personal representative on the one part and the creditors on the other. Whatever may be its effect upon the estate itself, we are clear that as a matter of evidence, except as to the parties, and to sustain proceedings under it, it is a mere nullity. The distinction between the case of Tatum v. Manning, previously cited, and the case under consideration, is obvious. In the one, the evidence offered was to prove that the estate was in fact insolvent; in the other, that it had been reported and declared insolvent only. It is unnecessary to consider the question as to the competency of the witness, in the other aspect in which the plaintiff below presented his right to recover on the assignment. Conceding that his right to recover rested upon distinct and separate grounds, so long as he insisted on both, the incompetency of the witness on either would have been sufficient to exclude him. It follows that the court erred in the admission of the deposition objected to.

2. The possession of Johnson under the mortgage from Holley, was in subordination to the grantor, at least until the law day had passed, and could not be considered as adverse to him. Herbert v. Hanrick, 16 Ala. Rep. 581, and cases there cited.

3. Neither do we think the court erred in refusing the several charges as requested. The first, by the use of the term conveyance, asserts the proposition that the title to personal property could not pass by parol, and all the others are inconsistent with one of the positions occupied by the plaintiff in the court below, and growing out of the right to recover upon the previous possession of the slave in controversy, which the evidence tended to show had been recognized and

admitted by Adams. No proposition can be clearer on both principle and authority, than that when one is in possession of personal property, and another obtains it from him by fraud, it is no answer to a suit for such property, by the party thus deprived of possession, to show that it was fraudulently acquired by the plaintiff in said suit, without connecting such fraud with his own title. Dunklin v. Wilkins et al. 5 Ala. Rep. 199; Traylor v. Marshall, 11 Ala. Rep. 460. In this view of the case, the plaintiff in error, claiming through Adams, does not occupy a position which would authorize him to raise the questions sought to be presented by the several charges referred to, and they were therefore properly refused. The points decided will in all probability determine the case on a subsequent trial, and for that reason we deem it unnecessary to express an opinion on the other points presented by the record.

For the error of the court below in the admission of the testimony of the witness Holley, the judgment is reversed, and the cause remanded.