(76 South. 474)

SHERRER v. STATE. (4 Div. 508.)

(Court of Appeals of Alabama. June 26, 1917.)

1. LARCENY ⊂=51(1)—EVIDENCE—POSSESSION OF STOLEN PROPERTY.

On trial for grand larceny, state may prove that belts stolen from gin mill were found in possession of defendant.

2. LARCENY ⊂=64(6) — BURDEN OF PROOF — POSSESSION OF STOLEN PROPERTY.

The recent possession of stolen goods imposes upon the possessor the onus of explaining the possession, and if he fails to make a reasonable explanation it raises a presumption of guilt.

3. LARCENY ⊂=49—EVIDENCE—PRESENCE OF ACCUSED IN VICINITY.

On trial for larceny of belts, state may prove that defendant was seen in vicinity of theft at about time belts were stolen.

4. LARCENY ⊂=50 — EVIDENCE — ACTS OF ACCUSED.

On trial for larceny of belts, state may show how defendant acted while in possession of belts found at his mill, and what he said about it while he was in possession of the property.

5. LARCENY ⊂=68(1) — EVIDENCE — SUFFICIENCY.

Where state, on trial for larceny of belt, proves that defendant was seen in vicinity of theft at time belt was stolen, that it was found in his possession, that after it was carried down to his mill it was measured, and, on approach of another man, defendant hid it, question of defendant's guilt was for jury.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Will Sherrer was convicted of the offense of grand larceny, and appeals. Affirmed.

Baldwin & Murphy, of Andalusia, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. When this case was called for trial, the defendant announced that he was not ready for trial because of the absence of three witnesses. One of these witnesses resided at Opp, in Covington county, and two in Coffee county, adjoining Covington county. It does not appear from the bill of exceptions that the court ever actually ruled on this objection, nor does it appear that the defendant reserved any exception to the action of the court in requiring him to go to trial.

[1, 2] It was perfectly proper for the state to prove that the belts which had been stolen from the gin company were found in the possession of the defendant at his mill. The

recent possession of stolen goods imposes upon the possessor the onus of explaining the possession, and, if he fails to make a reasonable explanation, it raises a presumption of guilt, which will support a verdict of conviction. 1 Mayfield Dig. p. 582.

[3, 4] It having been shown that the belts were stolen from a mill near Opp, it was not error for the state to prove that defendant was seen in Opp during the period within which the belts were supposed to have been stolen. It was also competent for the state to show how the defendant acted while he was in possession of the belts found at his mill, and what he said about it while he was in possession of the property. His manner, under such circumstances, is a material inquiry, and the court did not err in permitting the question. It was not error for the court to permit the state to show that, after the belt was carried down to the mill, it was measured, and that, when he saw a man by the name of Redmond coming, he rolled it up, put it in the dust bed, and turned a wheelbarrow over it. These facts were properly submitted to the jury for them to consider.

[5] The defendant's motion, made at the end of the state's testimony, to exclude all of the testimony for the state, was properly overruled. Under the evidence, it was for the jury to say whether or not the defendant was guilty as charged in the indictment.

We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.