(85 South. 489)

### BECK v. CROW. (7 Div. 74.)

(Supreme Court of Alabama. April 22, 1920. Rehearing Denied May 27, 1920.)

**1. Detinue ☞5—Plaintiff must have title and right of possession.**

In statutory action of detinue it is necessary that plaintiff should have a general or special property in the thing sued for, and, as against the defendant, a present unqualified right to the possession of the chattel in its then present form.

**2. Landlord and tenant ☞328(1)—Cropper has lien on crop entitling him to retain possession prior to division.**

Where plaintiff furnished land and team, and defendant furnished the labor under agreement whereby crop was to be divided half and half, there was a contract of hire, giving defendant a lien upon the crop produced, under Code 1907, § 4743, notwithstanding amendment thereto of Acts 1915, p. 112, entitling him to retain possession, and precluding plaintiff from recovering possession in action of detinue prior to the division of the crop notwithstanding disagreement as to the division thereof.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Detinue by J. O. Crow against Robert L. Beck. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The suit was for four bales of cotton and the seed. Crow furnished the teams and the

land to be cultivated, and Beck furnished the labor, with an agreement to divide the crops, share and share alike. There was some disagreement as to the division of the crop, and, it being in Beck's possession, Crow brought detinue. At the conclusion of the evidence the court directed a verdict for the plaintiff, and refused a like request for the appellant.

Isbell, Scott & Downer, of Ft. Payne, for appellant.

If appellee had the legal title, appellant had his lien, and appellee could not demand the property without satisfying the lien. Section 4743, Code 1907; 13 A. & E. Ency. of Law, 575; 73 Ala. 295; 16 Ala. App. 672, 81 South. 192. The tenant is the proper custodian of the crop. 11 Ala. App. 350, 66 South. 837; 184 Ala. 54, 63 South. 466. The custom was admissible in evidence. 185 Ala. 125, 64 South. 300, Ann. Cas. 1916C, 654; 2 Ala. App. 555, 56 South. 862.

Baker & Baker, of Ft. Payne, for appellee.

A lien cannot be set up as against a legal title. 3 Ala. App. 290, 57 South. 90; 9 Ala. App. 439, 63 South. 781. The tenant was in default. 184 Ala. 54, 63 South. 466.

SAYRE, J. [1, 2] Statutory action of detinue by appellee against appellant. In this form of action it was necessary that the plaintiff should have a general or special property in the things sued for, and, as against the defendant, a present, unqualified right to the possession of the chattel in its then present form. Traylor v. Marshall, 11 Ala. 458; Seals v. Edmondson, 73 Ala. 295, 49 Am. Rep. 51. Under the contract between the parties appellee furnished land and team to grow the cotton in suit; appellant furnished the labor. The crop was to be divided half and half. This established a contract of hire, and vested in appellant, the laborer, a lien upon the crop produced by his labor for the value of the portion of the crop to which he was entitled. Code of 1907, § 4743. We do not consider that the agreement on the part of appellee to furnish lumber for the repair of the house and the building of a cow stall effected any change in the relation. These things became and were merely a part of the land which appellee furnished. Nor does the amendment of the section approved March 5, 1915 (Acts, p. 112), exert any influence upon the relation of the parties. Appellant's lien involved the right to retain possession until his lien was satisfied. We do not mean to say that appellant's lien, a statutory lien, depended upon possession; but only that, until appellant was put in the wrong, or appropriate legal steps taken to separate their interests, appellant, as against appellee, was entitled to retain possession. Broadly, this results from the fact that he has a lien. Vass v. Robertson, 46 Ala. 483; Mobile, B. & L. Asso. v. Robertson, 65 Ala. 382. The statute is anomalous in disposing of the rights of landlord and laborer; but it cannot avoid facts, and the fact of controlling importance in this case is that appellant was in possession, holding under a lien created by the statute. In Williams v. Lay, 184 Ala. 54, 63 South. 466, it was said that the laborer was the "legal custodian or bailee of the crop, even if plaintiff [who had furnished land and team] was the owner, and was not a tort-feasor until put in default." But how is the laborer put in default? The report of the case to which we have referred does not reveal the terms or circumstances of the "demand and refusal," proof of which, it was said, should have been admitted, nor does it show the charge to which the opinion refers. It is not to be presumed that it was intended to hold that a lienor under the statute should forfeit his entire lien or right to possession of any part of the crop because he fails or refuses to come to an accommodation with the lienee as to their respective rights in another part of the crop of which he has disposed, or because he refuses to allow the lienee to take possession of the entire crop and haul it away, as in this case. That would be to delude the laborer with the phantom of a lien. We presume that the unreported features of that case, if made to appear, would bring it into close resemblance with the case in hand. Our opinion is that, under the plea of the general issue, which sufficed for the determination of all matters in dispute, appellee was not entitled to the general affirmative charge; rather, appellant was.

We find no case to the contrary. We have stated our consideration of Williams v. Lay. Neither that case nor the others cited to the decision in Willard v. Cox, 9 Ala. App. 439, 63 South. 781, sustains the broad proposition that section 4743 of the Code vests in the employer or hirer the unqualified right to the possession of crops raised under an agreement such as the section contemplates; nor is it to be presumed that the court cited them to that effect, for in that case there had been a division of the crop, vesting, of course, full legal title and the unqualified right of possession of their respective shares in each of the parties.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.