(89 South. 897)

**DRIVER et al. v. STATE.** (5 Div. 345.)

(Court of Appeals of Alabama. May 10, 1921. Rehearing Denied June 19, 1921. Reversed on Mandate July 19, 1921.)

1. **Larceny** ⟐⟐32(1)—Indictment can lay ownership jointly in employer and laborers having lien.

Assuming that the relationship between the owner of a plantation and persons raising cotton thereon was one of hire under Code 1907, § 4743, and that persons raising the cotton had only a lien thereon, an indictment for larceny of the cotton might nevertheless lay the ownership in all of such parties under section 7147.

2. **Larceny** ⟐⟐60—Testimony of witness that he and two others were joint owners of property held to support allegation of ownership.

On a trial for larceny, the testimony of a witness that he and two others were joint owners of the property was sufficient in itself to warrant a finding to that effect as alleged in the indictment, where there was nothing to indicate that this statement was predicated on the other facts shown as to ownership, and there was no attempt to question such ownership or how it came about.

3. **Criminal law** ⟐⟐822(13)—Charge as to possession of stolen goods not erroneous when taken as a whole.

That portions of court's oral charge relative to the possession of stolen property, when taken separately, might be susceptible to criticism, is immaterial when it correctly states the law and is free from error when taken as a whole.

4. **Criminal law** ⟐⟐563, 741(1)—Sufficiency of proof of corpus delicti is for jury if there is any evidence thereof, direct or circumstantial.

The sufficiency of proof to establish the corpus delicti in a criminal case is a question for the jury, and not for the court, if there is any proof tending to show it, and this proof may be of a circumstantial nature and need not be direct proof.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Luther Driver and Enoch Mims were convicted of grand larceny, and they appealed. Affirmed on original opinion and on application for rehearing, but reversed and remanded under mandate of the Supreme Court (206 Ala. 193, 89 South. 504).

Grady Reynolds, of Clanton, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellants.

The defendant was not guilty of grand larceny under the facts of this case, and the court was in error in its oral charge. Section 7324, Code 1907; 39 Ala. 680; 99 Ala. 143, 13 South. 566; 201 Ala. 388, 78 South. 450; 193 Ala. 456, 69 South. 545; 186 Ala. 569, 64 South. 960; 70 Ala. 8, 45 Am. Rep. 67.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no variance. Section 7147, Code 1907; 16 Ala. App. 190, 76 South. 474.

MERRITT, J. [1] The appellants were convicted of grand larceny, the theft of seed cotton. In the trial of the case the defendants offered no testimony, and it is earnestly insisted here, as also appears to have been done in the trial court, that there was a variance between the allegation of the ownership of the property as alleged in the indictment, and as disclosed by the proof. The ownership was laid in E. H. Mims, Becky Driver, and Will Connell. The testimony of the relationship of these parties as regards these farming operations for the year 1919 is very meagre, as disclosed by the record. This much, however, we think is shown: That Becky Driver and Will Connell raised the cotton alleged to have been stolen on the plantation of Mims; that they were working on halves; that Mims furnished the "team and everything," and Becky Driver and Will Connell furnished the labor. Appellant insists that under this state of facts there arose the relation of employer and employee, hirer and hireling, or master and servant under section 4743 of the Code of 1907, and that, Becky Driver and Will Connell having a mere lien on the property for the amount of the value of one-half, the measure of their wages for the year had no such ownership of the property as could be joined with Mims

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 205 Ala. 60.    [2] 17 Ala. App. 589.

in a joint allegation of ownership in an indictment charging larceny of the property. It must be, as it is conceded, that, by virtue of the possession of Becky Driver and Connell, allegation of ownership could have rightly been laid in them. We do not decide, under the facts disclosed by the record, that any such relationship existed between these parties as would bring them under the operation of section 4743 (see Tate v. Cody-Henderson Co., 11 Ala. App. 350, 66 South. 837); but, assuming such to be the case, we are of the opinion that the ownership of the property can be laid jointly in all the parties named. Each of the parties had some interest in the property. Mims had the legal title, Becky Driver and Connell had a lien and the right to hold possession until this lien was satisfied. Beck v. Crow, 204 Ala. 295, 85 South. 489. All of the parties having an interest in the property ownership can be alleged in one or all of them. Section 7147, Code of Alabama.

[2] But, aside from this phase of the evidence, there is the testimony undisputed of Will Connell that he, Becky Driver, and Mims were the joint owners of the property. There is nothing to indicate that this statement as to ownership was predicated on the facts above—no attempt to question this ownership or how it came about—and, the defendants offering no testimony, this was sufficient within itself in warranting the jury to the conclusion that the ownership of the property was proven as alleged.

[3] Portions of the court's oral charge relative to the possession of stolen property, when taken separately, may be susceptible to criticism, but, when taken as a whole, correctly state the law, and are free from error. Orr v. State, 107 Ala. 35, 18 South. 142; Thomas v. State, 109 Ala. 25, 19 South. 403; Sherrer v. State, 16 Ala. App. 190, 76 South. 474.

[4] The sufficiency of the proof to establish the corpus delicti in a criminal case is a question for the jury, and not for the court, if there is any proof tending to show it, and this proof may be of a circumstantial nature. It is not required to be shown by direct proof. Hall v. State, 134 Ala. 116, 32 South. 750; Vaughn v. State, 130 Ala. 29, 30 South. 669. In the instant case there was ample evidence upon which to submit this question to the jury.

Many objections were made to the introduction of testimony, and motions made to exclude the answers, but no grounds, either in support of the objections or motions to exclude the answers, appear in the record. We have considered, however, the many questions raised on the introduction of the testimony, and are of the opinion that the rulings of the trial court are free from reversible error.

There is no reversible error in the record, and the judgment of conviction is affirmed.

Affirmed.

### On Rehearing.

The evidence in this case shows that the seed cotton alleged to have been stolen was taken from the porch of the house of Will Connell. The appellant contends in his application for rehearing that the porch is not a part of the dwelling house, and that the taking therefrom could not constitute larceny under section 7324 of Code 1907. Section 3170 of the Code of 1852 provided that—

"Any person who commits larceny in any dwelling house, storehouse, smokehouse, etc., on conviction must be imprisoned in the penitentiary not less than three or more than six years."

Construing this statute in the case of Henry v. State, 39 Ala. 680, the Supreme Court held that the taking of clothes from the banister or railing of the porch attached to the dwelling house did not come under the ban of the statute, and that such taking was not a taking in the dwelling house. No change was made in this statute until the Code of 1886, when the word "from" was incorporated therein, making the crime, when complete in other respects, that the taking should be "from or in any dwelling house." This change was evidently made to meet the holding in Henry's Case, supra.

Our understanding however, of the holding in the Henry Case, is that the court merely held that, while the porch may, in some sense, be a part of the house, it was not, under section 3170, in the dwelling house, in such a sense as that a felonious taking therefrom would constitute a taking in the dwelling house. A taking from the dwelling house is very different from taking in the dwelling house.

Appellant could with as much reason contend that the felonious taking from the roof of the house would not fall under section 7324 as to contend in this case that the taking from the porch of the dwelling house is not from the dwelling house.

Application for rehearing overruled.

July 19, 1921. Reversed and remanded under authority of Luther Driver and Enoch Mims v. State, 206 Ala. 195, 89 South. 504.