(75 South. 825)

DAVIS v. STATE. (6 Div. 384.)

(Court of Appeals of Alabama. June 5, 1917. On Rehearing, June 26, 1917.)

1. INDICTMENT AND INFORMATION ⟨⟩110(3)—INDICTMENT IN WORDS OF STATUTE.

An indictment for train wrecking was sufficient where the several counts thereof followed almost literally the words of the statute (Acts 1911, p. 381)..

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 291–294.]

2. NAMES ⟨⟩14 — IDENTITY — MOTION TO QUASH VENIRE.

Identity of names without anything more is not prima facie presumptive of the identity of persons upon a motion to quash the venire because the same person is on the regular panel and on the special venire.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 10.]

3. JURY ⟨⟩121—MOTION TO QUASH VENIRE.

Accused, moving to quash venire because the same person is on the regular panel and on the special venire, has the burden of proving that the person named on the regular panel is the same person whose name appears on the special venire.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 550.]

4. CRIMINAL LAW ⟨⟩730(1)—HARMLESS ERROR—ARGUMENT OF COUNSEL—ERRONEOUS STATEMENT OF LAW.

In train-wrecking trial, the court's overruling objection to erroneous statement of the law in the solicitor's argument was rendered harmless by the court's oral charge, which fully and thoroughly corrected and covered the erroneous statement; for the jury are required to take the law from the court, and from no other source.

[Ed. Note.—For other cases, see Criminal Law, Cent. § 1693.]

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

William Davis was convicted of train wrecking, and appeals. Affirmed.

In his argument to the jury the solicitor said:

"If defendant recklessly put the spike on the track, then he would be guilty."

Also:

"They showed defendant the spike, and he acknowledged that was the spike he put on the railroad, and there was no evidence of influence over defendant to cause him to make the statement."

Also:

"If a man puts a spike on the track where a railroad train is liable to come along, isn't that wantonly done?"

The first count in the indictment charged that defendant wantonly or maliciously placed an impediment or obstruction, to wit, an iron or steel spike, on a railroad (nam-

ing it), in such a manner as to render liable any engine to diverge or be thrown from the track upon which it was running, and upon which said spike was so placed.

The following charge was refused to defendant, and not noted as covered by the given charge:

"(23) I charge you that, if there be one single fact proven to the satisfaction of the jury, which fact is consistent with the guilt of defendant, this may be sufficient to raise a reasonable doubt in your mind, and, if so, the jury should acquit."

Leith & Gunn and George W. Powell, all of Jasper, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted for train wrecking. In answer to the indictment he plead "not guilty" and "not guilty by reason of insanity."

[1] The several counts in the indictment follow almost literally the words of the statute. Acts 1911, p. 381. The demurrers thereto were properly overruled.

[2, 3] The motion to quash the venire was properly overruled, no proof having been offered to show that J. Robert Odom whose name appears on the regular panel and the J. Robert Odom whose name appears on the special venire were one and the same person. Identity of names without anything more is not prima facie presumptive of the identity of persons. Stevenson v. Murray, 87 Ala. 442, 6 South. 301. There might have been two persons of the same name in this same precinct, and the burden was upon the defendant, in support of his motion, to affirmatively show that they were one and the same person. Failing to offer proof to this end, the motion to quash the venire was not sustained by the proof, and was therefore properly overruled. Noel v. State, 161 Ala. 25, 49 South. 824; Lafayette Jones v. State, 74 South. 843.[1] A careful and thorough examination of the numerous questions presented relative to the rulings of the court upon the evidence clearly shows that no error appears prejudicial to the substantial rights of the defendant. We do not deem it necessary, therefore, to discuss in detail these several questions; as it does not appear that any new principle of law is involved or that any question is presented which has not been passed upon many times by the Supreme Court, and also by this court. There was ample evidence to support the verdict of the jury.

[4] The argument of the solicitor to which exception was reserved was a mere misstatement of the law by which the jury was in no sense bound in their consideration of this case. This erroneous statement of the law was fully and thoroughly corrected and covered by the court in its oral charge to the jury, and if the action of the court in overruling the objection to the solicitor's argu-

[1] Ante, p. 7.

ment could be termed error, we are clearly of the opinion, after an examination of the entire cause, that the error complained of has not injuriously affected the substantial rights of the defendant. The jury are required to take the law from the court, and from no other source, and in the instant case it clearly appears that the court with great care gave a correct exposition of the legal significance and definition of the words "wantonly and maliciously," and thereby rendered harmless the unauthorized statement of the solicitor in this connection. Other objections to the argument of the solicitor are without merit, as the argument was based either upon uncontradicted facts in the case or upon a clear inference from the matters in evidence. Cross v. State, 68 Ala. 476.

The objections interposed to the argument of counsel who closed for the state are without merit. Stewart v. State, 78 Ala. 436; Robinson v. State, 155 Ala. 67, 45 South. 916; 4 Ency. Dig. Ala. Rep. § 473; Finney v. State, 10 Ala. App. 39, 65 South. 93.

Refused charges 15 and 16 are substantially covered by the oral charge of the court and by the given charges 1, 7, and 9. Refused charges 17, 22, 24, 26, 28, and 29, which seek to set out the law of not guilty by reason of insanity, are bad in that they do not correctly state the law. Each of these charges was fairly and substantially covered by the oral charge of the court and by the given charges. Parsons v. State, 81 Ala. 577, 2 South. 854, 60 Am. Rep. 192.

Refused charges 18, 19, 20, and 21 were fairly and substantially covered by the oral charge of the court, and also by given charges 9, 11, and 12.

Refused charge 23 was bad, and therefore properly refused, in that it used the word "consistent" instead of the word "inconsistent." This charge, as written, would require the jury to acquit the defendant if there were a single fact proven that was consistent with the guilt of the defendant.

There was no error in the refusal of charge 25. The principle of law involved was fairly and substantially given in the oral charge of the court, and was also covered by the given charges. The charge was abstract also, and was otherwise properly refused because it called particular attention to the defendant's testimony.

There is no error in the record, and the judgment of the lower court will be affirmed.

Affirmed.

### On Rehearing.

After a careful re-examination of the refused charges, it is evident from the application for rehearing filed by defendant that some confusion has arisen by a renumbering of said charges. We are convinced, however, that no error prejudicial to the substantial rights of the defendant was committed by the court in its rulings upon these

charges; a number of them being properly refused because they ignore the issues presented by the first count of the indictment.

The application for rehearing is overruled.

Application overruled.