(122 So. 298)

## CURRY v. STATE.  (4 Div. 50 f.)

Court of Appeals of Alabama.  May 14, 1929.

Lee & Tompkins, of Dothan, for appellant.

BRICKEN, P. J.  ■■  The first insistence of error is based upon the action of the court in overruling demurrer to the indictment. By the demurrer it was insisted that the indictment charged no offense, in that the word "atorethought"—intended for "aforethought" —is meaningless and rendered the indictment bad.  In charging murder in the second degree it is necessary to charge that the alleged killing of deceased by the defendant was done unlawfully and with malice aforethought (stating the means of killing), but without premeditation or deliberation.  The indictment here complies with every requirement of law in charging murder in the second degree, except, as stated, the letter "t" is used instead of the letter "f" in the word "aforethought."  By overruling the demurrer the lower court took the position that the defect complained of was a mere clerical misprision, and in this we think the court was correct.  An indictment may not be vitiated by a clerical misprision, or grammatical error, unless such discrepancy changes the words or obscures the sense.  The patent clerical error here complained of does not come with-

in this rule, as there can be no doubt as to the word intended, and its sense is not obscured nor is the tendency of the error to mislead. The rule is: "Before an objection because of false grammar, incorrect spelling, or mere clerical error, is entertained, the court should be satisfied of the tendency of the error to mislead, or to leave in doubt as to the meaning a person of common understanding, reading, not for the purpose of finding defects, but to ascertain what is intended to be charged." Grant v. State, 55 Ala. 201, 207.

█ The excellent oral charge of the court correctly and fully stated the law of self-defense and explained the several elements thereof. This charge fairly and substantially covered charge refused to defendant, thus rendering its refusal without error.

█ Under the evidence in this case the affirmative charge requested by defendant was properly refused, and the question as to the effect of the blow upon the head of deceased, admittedly inflicted by the accused, with a scoop or shovel, was properly submitted to the jury. It appears without dispute that the blow was struck on Wednesday and the man thus injured died the following Sunday. Under the instructions of the court it was for the jury to determine if the blow was unlawfully inflicted, and also if it contributed to or accentuated the death of the deceased. The court was without authority to declare, as a matter of law, that the injury inflicted had no such effect.

██ The remaining question insisted upon relates to the judgment of conviction as pronounced and entered. It is insisted that "the judgment appealed from in this case is faulty and must work a reversal of the case." The judgment entered recites: "It is thereupon ordered and adjudged by the court that Son Curry be and he is hereby sentenced to hard labor for Houston county for one year and to ——— days' additional time at 75 cents per day to pay the costs." That part of the judgment here quoted is faulty for failing to show that the court did determine the specific time, or number of days, the defendant should work to pay the costs of the proceedings with which under the law he was properly taxed. This, however, does not necessitate the reversal of the judgment of conviction which would result in a retrial of the case in the court below. Finding no reversible error upon the trial of this case, the judgment of conviction appealed from is affirmed. For the stated defect in the sentence the cause is remanded to the trial court to the end that a proper sentence as to the costs of the proceedings may be imposed upon the defendant.

Judgment of conviction is affirmed. Remanded for proper sentence.