169 So. 324

## POTTS v. STATE.

### 7 Div. 147.

Court of Appeals of Alabama.

Feb. 11, 1936.

Rehearing Denied May 12, 1936.

Motley & Motley, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case, as shown by the record, was returned by the grand jury and filed in open court on August 10, 1933. This appellant, defendant below, was charged therein with the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages a part of which was alcohol, contrary to law, in the first count. In the second count of the indictment it was charged that he had in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages, etc. The two counts of the indictment, aforesaid were in proper form and substance, and no question is raised by demurrer or otherwise in this connection.

The record shows that the defendant appeared in open court on the 13th day of June, 1934, and agreed to plead guilty thereto at the next term of the court, whereupon the case was continued to the next term of the court. The record further shows that on February 7, 1935, the defendant appeared in person and by attorney and withdrew his plea of guilty, and upon arraignment he interposed his plea of not guilty. The trial was had on February 28, 1935, and resulted in the conviction of the defendant, the jury returned the following verdict: "We, the jury, find the defendant, Griffin Potts, guilty as charged in the indictment." Following this verdict, the court adjudged the defendant guilty as charged in the indictment and sentenced him to serve an indeterminate term of imprisonment in the penitentiary of not less than two years nor more than three years. From the judgment of conviction, this appeal was taken.

Numerous witnesses were examined for the respective parties, and but few exceptions were reserved. No motion for a new trial was made, nor were any special written charges requested for the defendant.

The exceptions reserved pending the trial have each been examined. None of the exceptions can be sustained, as each ruling complained of was free from reversible error. The points of decision in this connection are so simple and elementary a discussion thereof is deemed unnecessary.

From what has been said, it will be noted that the question of the sufficiency of the evidence to sustain a conviction was not raised on the trial of this case in the court below. But in this connection we will state that, had such question been presented, it would have been unavailing to defendant, for there was ample evidence adduced upon the trial to justify the jury in rendering the verdict aforesaid and to sustain the judgment of conviction pronounced and entered.

■ Counsel for appellant in brief complain of error in the oral charge of the court to the jury. These questions are not presented for our consideration as no exception was reserved as to the oral charge of the court nor any excerpt thereof. In

the absence of a proper exception, the appellate court is without authority to revise the lower court's utterances or statements in this connection.

█ Appellant insists that error prevailed in the court's ruling wherein the state was allowed to recall its witness McCreliss on rebuttal. The action of the court in so doing was within the sound discretion of the trial court and will not be revised. We may state in this connection that, as the matter in question appears in the record, no semblance of prejudicial error appears.

No error is presented. The record is regular. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.