198 So. 264

## WALDEN v. STATE.

### 7 Div. 636.

Supreme Court of Alabama.

Oct. 17, 1940.

Wm. Hubert Burns and McCord & Miller, all of Gadsden, for petitioner.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., opposed.

BROWN, Justice.

Section 3258 of the Code 1923, provides: "In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent

on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

This section is not applicable to reviews by the supreme court on applications for certiorari to the court of appeals. It only applies where the appeal is direct to the reviewing court.

The finding of the Court of Appeals that the record does not support the basis for the defendant's motion to quash the venire—general and special—is a conclusion and finding of fact which, under the repeated rulings here, will not be reviewed. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The defendant was not entitled to have the venire quashed or his case continued on the ground that the court had excused a juror named on the venire, who was under twenty-one years of age and had been excused by the Judge, before defendant's case was called for trial. At most he was entitled to the juror's presence so that his qualification could be passed on at the appropriate stage of the trial, and an objection to proceeding with the trial without the presence of said juror was the approved method of raising the question. Smallwood v. State, 235 Ala. 425, 179 So. 217.

Moreover the Court of Appeals in disposing of this question applied the doctrine of error without injury, and it is settled that we will not review the Court of Appeals on the application of the doctrine of error without injury in the absence of a full statement of facts in the opinion of the court.

The contention made here that the evidence was insufficient to go to the jury on the question of fact that the deceased's death was caused by the pistol shot inflicted on his person by the defendant is concluded by the statement of the Court of Appeals, "Here, we have carefully read, and considered en banc, the evidence bearing upon the proximate cause of the death of Doyle Davis, the person appellant admittedly shot with his pistol; and for the murder of whom he was on trial. And said evidence, to our minds, fully warranted the jury in finding that the deceased, Doyle Davis, came to his death as the proximate result of the pistol wound inflicted by appellant."

There is no specific ruling of the Court of Appeals as to the competency of the evidence on which this conclusion of fact is rested, and hence the competency of the evidence is not presented on this review.

The writ of certiorari is denied.

Judgment affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.