210

45 So.2d 172

## SMITH v. STATE.

### 3 Div. 912.

Court of Appeals of Alabama.
March 21, 1950.

Hugh Rozelle, of Atmore, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for vagrancy this appeal was taken. The prosecution was based upon Title 14, Section 437, Subdivision (8), of the Code 1940, which reads as follows: "Any able-bodied person who shall abandon his wife and children, or either of them, without just cause, leaving her or them without sufficient means of subsistence, or in danger of becoming a public charge."

The prosecution was begun in the county court upon affidavit and warrant dated September 11, 1948. From a judgment of conviction in said court an appeal was taken to the circuit court and was there tried upon a complaint filed by the Solicitor, as the law requires.

In the circuit court the trial was held on the 7th day of April 1949, and resulted in the conviction of the defendant; the jury returning the following verdict: "We the jury find the defendant guilty as charged, and assess a fine of five hundred dollars. The court added twelve months hard labor as additional punishment. Judgment of conviction was duly pronounced and entered.

Before entering upon the trial in the circuit court the defendant made motion to continue the case in order for him to produce certain court records from Wilcox County, which, as stated by his counsel, would show that he had been prosecuted for this same offense. The court overruled his motion for a continuance, and this action of the court appears to be the principal insistence to effect a reversal of the case. This question has been passed upon many times by the appellate courts and it has been universely held that an order refusing to grant a continuance is purely within the sound discretion of the court, and will not be reviewed unless gross abuse thereof affirmatively appears. The record discloses that this case had been upon the docket for several months, and no effort had been made to secure the court papers in question until the case was called, thus disclosing that proper diligence had not been made in this matter. For this and other

reasons we cannot hold that the court abused the discretion, with which as stated it was invested.

Upon the trial numerous witnesses were examined upon the question of the condition of the five children of the defendant, all of which tended to show that said children were and had been totally destitute, and were without sufficent means of subsistence and in danger of becoming a burden to the public. Said evidence also tended to show that defendant was an able-bodied man and no effort was made to show that he had a just cause to abandon his five children.

Appellant's earnest counsel insists that the court erred in certain statements made to the jury in the oral charge. We are without authority to pass upon such an insistence as no exception of any sort was reserved to the oral charge of the court.

The jurisdiction of this court is one of review. The court has no province to retry this case, upon matters that did not appear upon the trial, hence we cannot consider several questions insisted upon by appellant on this appeal.

We have considered such questions that were properly presented for review. No error calculated to injuriously affect the substantial rights of the defendant appears, and the record being also without error necessitates an affirmance of the judgment of conviction from which this appeal was taken.

Affirmed.