61 So.2d 137

## GURLEY v. STATE.

### 6 Div. 432.

Court of Appeals of Alabama.
Oct. 7, 1952.

Rehearing Denied Oct. 28, 1952.

Si Garrett, Atty. Gen., and J. W. Arbuthnot, Asst. Atty. Gen., and Marvin ·Cherner, Birmingham, of counsel, for the State.

E. D. McDuffie, Tuscaloosa, and. Young & Young, Vernon, for appellant.

PRICE, Judge.

Appellant was convicted of manslaughter in the first degree and sentenced to serve seven years in the State penitentiary.

It was contended by the State that appellant's automobile struck Elizabeth Atkins, alias Aunt Bet Moore, causing her death. The testimony for the State was to the effect that defendant was under the influence of intoxicating beverages, and at the time of the impact was driving at the rate of 45 or 50 miles per hour along the Vernon-Columbus highway in the City limits of Vernon, Alabama. One witness testified that just before the accident defendant rounded a curve driving 75 miles

an hour, with tires screaming, and the automobile swerved at least three times, the last swerve occurring about 20 feet from the victim. One witness saw the car strike deceased and others saw her "rolling off the front fender."

Deceased was about two feet off the black top when last seen before she was struck. After the impact, defendant slowed up, opened the door and looked back, then speeded up and left the scene. He was arrested as he drove through Millport.

Annie Lee Carroll, who was on the front seat with defendant, testified when she saw the victim she "came up on the side of the fender and landed on the side of the road." Defendant remarked he had hit something and witness told him it was a lady or a child on a bicycle. Defendant told the occupants of the car if they were stopped they were to say they knew nothing about the accident. This witness testified the automobile was never off the paved portion of the street.

Defendant testified he and his uncle and two girls had been to the Mississippi State line and bought some beer; that he drank some but didn't remember how much. He and three others had consumed a small amount of whiskey that morning. Coming through Vernon he was not drunk. His windshield was fogged up and he did not see the automobile hit the victim, nor did he hear anything strike the car. He heard the Carroll girl say the automobile had hit some one, and looked back but saw nothing. He testified he did not know he had hit a woman until the policeman stopped him at Millport. He also denied telling the others they were not to know anything about the accident if they were stopped.

Appellant's counsel insists that the evidence for the State failed to establish the fact that the injuries inflicted by defendant caused the death of deceased.

■ Of course, it was incumbent upon the State to show a causal connection between the injuries inflicted by defendant and the death of deceased, and such fact must be proven beyond a reasonable doubt, but it may be established by circumstances as well as by direct evidence. Gary v. State, 18 Ala.App. 367, 92 So. 533; Law-

man v. State, 18 Ala.App. 569, 93 So. 69; Curry v. State, 23 Ala.App. 182, 122 So. 298; Walden v. State, 29 Ala.App. 462, 198 So. 261, certiorari denied 240 Ala. 193, 198 So. 264.

■ The evidence is without dispute that the fender of accused's automobile struck deceased's head; she was thrown twelve to fifteen feet by the impact. When picked up she was unconscious and remained unconscious until her death in a hospital five days later. Under the evidence, the question as to whether deceased died as a result of the injuries inflicted by defendant was for the jury.

■ If there is any proof, whether circumstantial or direct, to establish the corpus delicti, the sufficiency of such proof is for the jury and not for the court. Driver v. State, 18 Ala.App. 261, 89 So. 897; Moss v. State, 32 Ala.App. 250, 25 So.2d 700, certiorari denied 247 Ala. 595, 25 So.2d 703.

■ There was no error in the refusal of the affirmative charge, nor in overruling appellant's motion for a new trial on the ground the corpus delicti was not proven.

■ "In order to constitute manslaughter in the first degree, there must be either a positive intention to kill, or an act of violence from which, ordinarily, in the usual course of events, death or great bodily injury may be a consequence." Harrington v. State, 83 Ala. 9, 3 So. 425–428.

■ If one drives an automobile in such a manner as to evidence a wanton and reckless disregard of human life at the time and place and under the circumstances, and such driving proximately causes the death of another, the act would be manslaughter in the first degree whether the positive intention to kill is proven or not. Reynolds v. State, 24 Ala.App. 249, 134 So. 815, 816; Graham v. State, 27 Ala.App. 505, 176 So. 382; Jones v. State, 33 Ala.App. 451, 34 So.2d 483.

■ The evidence in this case was ample to sustain the judgment of conviction and no error resulted in the court's action in denying the motion for a new trial on the

ground that the verdict was contrary to the great weight of the evidence.

■ During the Solicitor's argument to the jury, the following occurred:

"Mr. McDuffie: We object to the statement by Mr. Strawbridge that if an object is set in motion and death results or is a consequence of that act, then it constitutes manslaughter in the first degree.

"By the Court: Overrule. I'll charge them as to the law. Mr. Strawbridge left out the word 'probable.'

"Mr. McDuffie: We except, Your Honor, that is not the law."

This action of the court did not constitute reversible error. The statement that the Solicitor's argument was erroneous and the court would instruct the jury as to the law, and the court's comprehensive charge as to the law of manslaughter in the first degree, eradicated any injurious effect of the Solicitor's statement. Davis v. State, 16 Ala.App. 149, 75 So. 825, certiorari denied 200 Ala. 577, 76 So. 935.

■ Defense counsel insists the jury was confused and misled as to the law of the case by the court's oral charge to the jury. No exception having been reserved to the charge on the trial, nothing is here presented for review. Morgan v. State, 20 Ala.App. 467, 103 So. 76; Middleton v. State, 22 Ala.App. 146, 113 So. 625; Potts v. State, 27 Ala.App. 176, 169 So. 324; Smith v. State, 35 Ala.App. 210, 45 So.2d 172; Henderson v. State, Ala.App., 53 So.2d 624.

After the jury began its deliberation it returned to the courtroom for further instruction. The record discloses the following:

"By Juror: We'd like to know what the second part of first degree manslaughter is—manslaughter in the first degree but the second part of it, about putting something in motion carelessly—

"The Court: You want to know about the Court's charge as to operation of the automobile. State plainly to the Court just what you want to know, what it is you want to know

about the case or the Court's charge as to the definition of manslaughter in the first degree.

"Juror: There are two parts. The first was with wilful intent to manslaughter and the second part is what we don't understand. I don't know how to word it—

"The Court: I will further charge you this and see if that answers the question: Intent must be proven in manslaughter in the first degree. The State must prove intent, and that intent may be proven by proof that a man actually intended in his mind and heart to commit the crime, or he may have been doing some act, as complained of by the State in this case that he was operating an automobile in such a manner and way at the time—that he was doing it so recklessly and heedlessly and without regard to the natural consequences of his act— to such an extent and in such way that he should have known, or a reasonable prudent man would have known under like conditions and circumstances that death might be the result of his action in the operation of the automobile, or that someone would receive great bodily harm to their person by reason of his acting like he did in the operation of the automobile. The intent may be proven in that way. The State contends that the Court doesn't mean to tell you that actually happened.

"Juror: It wouldn't necessarily have to be predetermined?

"The Court: No, that he had a reason—an intent—before he hit the person, if he did. No, but it must be shown that he acted in such a way in the operation of the automobile and by those acts—they were so wilful and wanton, that he knew or should have known that the natural consequence of that would cause death or serious bodily injury to someone. I don't think you mean predetermined exactly.

"Mr. McDuffie: We except, Your Honor, to the whole of the last further instruction."

An exception taken to instructions of the court as an entirety is not available for reversal, unless all of the instructions embraced within the exception are erroneous. Lacey v. State, 154 Ala. 65, 45 So. 680; Grisham v. State, 147 Ala. 1,. 41 So.. 997; Pugh v. State, 4 Ala.App. 144, 58 So. 936.

Certainly, the whole of this instruction was not bad, and the exception is not sufficiently specific for review by this court. Favors v. State, 32 Ala.App. 139, 22 So.2d 914; Corder v. State, 32 Ala,App. 584, 28 So.2d 651; Fletcher v. State, 33 Ala.App. 423, 34 So.2d 860, certiorari denied 250 Ala. 431, 34 So.2d 861; Head v. State, 35 Ala.App. 71, 44 So.2d 441.

Charge No. 14, the only charge refused to defendant, which was not affirmative in nature, was covered by the oral charge and given charges.

There being no reversible error in the record the judgment is affirmed.

Affirmed.