TYSON, Judge.
The appellant was indicted for the first degree murder of Harold D. Adams, “by shooting him with a pistol.” Following a jury trial, the appellant was found guilty of *399 murder in the second degree, and her punishment fixed at ten years imprisonment. The trial court then entered a judgment in accordance with this verdict.
This appeal arises out of a “Saturday night” shooting which occurred in the parking lot of the Ebony Club in Madison County during the early morning hours of April 6,1975, that involved the appellant and her husband, Harold Adams, the deceased.
The appellant, though she changed her story several times, claimed basically that the pistol accidentally discharged as she and her husband struggled in the front seat of their car. The State, on the other hand, was able to produce an eye witness, Fred Fennel, who testified that though true, the couple had been “fussing” and pushing each other around earlier, at the time of the shooting appellant was standing outside of the car, gun in hand while her unarmed husband was sitting in the car. Presented with conflicting versions of the fatal encounter, the jury evidently found the State’s the more believable.
I
As a sole basis for her appeal, she contends that the State failed to prove that the injuries from the shooting caused death, that there was insufficient proof of the causal connection element of the corpus de-licti, and that therefore her motion to exclude should have been granted, citing Welch v. State, 45 Ala.App. 657, 235 So.2d 906; Daniel v. State, 31 Ala.App. 376, 17 So.2d 542; and Duncan v. State, 30 Ala. App. 356, 6 So.2d 450.
The appellant ran from the parking lot into the Ebony Club, found Oscar Cowley and urged him to follow her outside, explaining that she had shot her husband. Cowley and several other persons rushed Harold Adams to the emergency room at Huntsville Hospital where he was examined by Dr. Leonard Martinec in the “wee hours of the morning”, April 6, 1975. Dr. Marti-nec testified that Adams had suffered a penetrating wound in the facial area just below the right eye, that x-rays indicated that a metallic object was lodged in the posterior region of the brain (R. p. 80). Dr. Martinec stated that the patient still had blood pressure at the time of the examination (R. p. 79), but that he was unconscious and apparently in critical condition (R. p. 79), that such a wound could “very definitely” be fatal (R. p. 80), and that the last time he saw the patient, he was being transferred to the Intensive Care Unit at which time in his, Martinec’s opinion, death was imminent. (R. p. 80-83).
On cross-examination, Dr. Martinec testified that, of course, there was always a possibility of recovery, but that in this case, it was a very remote one and that on the night of the shooting when asked if he thought the patient would survive, he replied, “No.” (R. p. 84).
Dr. John Ploussard testified that he examined Harold Adams later in the day, that all vital signs were absent and that he pronounced Adams dead. Dr. Ploussard stated that the deceased had a gunshot wound beneath the right eye which had apparently penetrated the head. (R. p. 110).
While there can be no doubt that the State must offer evidence of a causal connection between any injuries attributable to the appellant and death, it is well-settled that this burden may be satisfied by the use of circumstantial evidence. Butler v. State, 54 Ala.App. 468, 309 So.2d 505; Hearns v. State, 47 Ala.App. 725, 261 So.2d 64; Gurley v. State, 36 Ala.App. 606, 61 So.2d 137.
As stated by Mr. Justice Merrill in McCall v. State, 262 Ala. 414, 79 So.2d 51:
“It is true that no direct evidence of the causal connection between the wound inflicted and death was presented. There was, however, much circumstantial evidence tending to prove that the deceased died as a result of a wound inflicted by the appellant with a knife.

“Here it was shown that the deceased was cut, that he received only one wound and that he died. Clearly there was am- *400 pie evidence from which the jury could have found causal connection between the wound inflicted by the appellant and the death of the deceased. All the evidence concerning the death of the deceased tended to show that it was caused by the criminal agency of appellant and that it was not the result of accident or natural causes, or of suicide.”
The trial court here properly overruled the appellant’s motion to exclude the State’s evidence.
We have carefully examined the record as required by law and find no error therein. The judgment of the trial court is therefore due to and the same is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.