TYSON, Judge.
George Brown was indicted in March, 1979, for the offense of manslaughter in the first degree. Trial was had on a plea of not guilty on May 14, 1979. The following day the jury found the appellant “guilty as charged in the indictment” and set sentence at six years imprisonment. This appeal followed.
*MCCXX L. C. Johnson of the Alabama State Troopers testified that, on November 14, 1978, at about 6:00 o’clock in the evening, he responded to a report of an accident on Alabama Highway 188 in South Mobile County. Upon arrival at the scene, Trooper Johnson discovered that a 1969 Buick and a 1969 GMC pickup truck had apparently collided. Trooper Johnson recalled that the appellant was lying on the roadway near the front of his vehicle with his wife holding his head and that he had head injuries and a broken leg. The trooper observed that the floorboard of the car in which the appellant had been riding was pushed in on the driver’s side and that the steering wheel was caved in. He also noticed that the windshield was cracked and pushed out and that the vehicle had material, skin and hair above the windshield on the driver’s side. The officer also testified that he checked the occupant of the pickup truck for vital signs and found none.
Trooper Johnson stated that during his nine years, as a state trooper he had investigated approximately one thousand accidents. He said he received training in accident reconstruction at the State Trooper Academy, and that a month prior to the accident in question he received further training in accident reconstruction at a homicide investigator’s school.
Based on his observations of tire marks and “gouge” marks at the scene of the accident, Trooper Johnson opined that the impact between the two vehicles occurred approximately four feet into the deceased’s lane.
On cross-examination, Trooper Johnson stated that he did not complete his investigation on the night of the accident, but came back the next day. He admitted that he did not check the undersides of the vehicles to see if any damage to them would be consistent with the gouge marks in the road. He further admitted that he was told at the scene that appellant’s wife was the driver of the car and that he, therefore, listed her as such on the accident report.
On redirect examination, Trooper Johnson testified that, based on his observations of the damage to the interior of the Buick automobile and of appellant’s injuries, it was his opinion that appellant’s injuries were consistent with his being the driver of the automobile.
Officer Richard Barginer of the Bayou La Batre Police Department stated that when he arrived at the scene of the accident he overheard the appellant say in an excited tone, “Don’t say I was driving, don’t tell ’em I was driving” (R. p. 56).
On cross-examination, the officer testified that no one made any statement before or after the statement referred to above.
Detective Warren Baker of the Mobile County Sheriff’s Department testified that he investigated the accident, along with Trooper Johnson, on the night of November 14, 1978. Detective Baker testified that he had been responsible for accident investigations while he was in the Air Force and had reconstructed thousands of accidents in his career. Over objection, Detective Warren stated that, at the point of impact, the vehicles were in the position indicated in Trooper Johnson’s testimony. Detective Baker stated that he had examined approximately fifty to one hundred corpses on prior occasions. He said he examined the gentleman in the wrecked pickup truck, and, over objection, stated that in his opinion the man was dead.
Appellant called his wife, Ruth Brown, as his first witness. Mrs. Brown recalled that she was working in a fish house in Bayou La Batre on the day of the accident. She said she was picked up afterwards by her husband and four others, and she began driving the car. Mrs. Brown stated that she hit a rut in the side of the road, lost control of the car and struck the GMC truck. Furthermore, Mrs. Brown testified that as a result of the collision she received scratches on her face and bruises on her chest and hips. She said that her husband was beside her in the front seat, and, when the vehicles collided, the dashboard crushed his leg.
*MCCXXI On cross-examination, Mrs. Brown stated that, although her husband had a broken leg, he did not have chest injuries. She also stated that at the scene of the accident her husband made no statement about his driving the car. Mrs. Brown also admitted that, except for herself and another lady, everyone in the car had been drinking. She said she did not know how much her husband had been drinking.
The next four witnesses for the defense all testified that they were riding in the car with the appellant at the time of the accident. All testified that Mrs. Brown was driving the car when the collision occurred.
The appellant, George Brown, testified that he was an oysterman and had two children. The appellant admitted that he had been drinking prior to the accident, but insisted that his wife was driving the car at the time of the collision. He said his wife hit a hole in the road and lost control of the car, and all he remembered after that was the headlights of the other vehicle. Appellant did remember, however, lying on the ground after the accident, but, due to the pain he was experiencing, he recalled nothing specific about what was said or done.
On cross-examination, appellant stated that he sustained no injuries to his chest and that a State Trooper examined his chest while he was in the hospital. Appellant also denied making the statement, “Don’t tell them I was driving.”
I
The first issue raised by appellant is whether at trial he was denied effective assistance of counsel.
It appears from the record that appellant was represented at trial by two attorneys. In exchange for use of office space, one of the attorneys, Herman Padgett, did a certain amount of work for the other attorney, Robert Beckerle. Apparently the appellant had contacted Mr. Beckerle about his difficulty. Mr. Beckerle then asked Mr. Pad-gett to appear at appellant’s arraignment on April 20, 1979, which Mr. Padgett did. At arraignment, appellant was given ten days in which to file special pleas, and trial was set to commence some three weeks later.
A day or two after arraignment, at Mr. Beckerle’s urging, Mr. Padgett met with appellant to discuss “a preliminary course of action,” and the fee, fifteen hundred dollars. Appellant stated that he was unable to raise the fee and thus the two lawyers apparently did nothing further in preparation for trial.
At trial, Mr. Padgett made a motion to withdraw from the case, which was denied. The two attorneys also moved for a continuance, which was also denied.
The trial court, however, indicated a willingness to accommodate the appellant by issuing instanter subpoenas, and by recessing the case until the next day if defense counsel thought it helpful or necessary.[1]
When trial was commenced, appellant’s counsel conducted a zealous and expert defense of their client. They were vigorous in the cross-examination of the State’s witnesses and made numerous motions and objections.
Under these facts we cannot say the trial judge abused his discretion in denying appellant’s motion for continuance, nor can we say that appellant was denied the effective assistance of counsel. Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970); Walker v. State, 265 Ala. 233, 90 So.2d 221 (1956); Coon v. State, Ala.Cr.App., 4 Div. 708 (Ms. Sept. 4, 1979); O’Neal v. State, 53 Ala.App. 133, 298 So.2d 62, cert. denied, 292 Ala. 744, 298 So.2d 70 (1974).
*MCCXXII II
Appellant next advances the argument that insufficient evidence was presented at trial to prove the death of the deceased and to support the jury’s verdict. This contention is groundless.
Trooper Johnson and Detective Baker testified that they checked the victim for vital signs and found none. Detective Baker, after stating that he had on numerous occasions observed and examined deceased victims of automobiles accidents, testified that in his opinion the victim was dead.
Moreover, there was both direct and circumstantial evidence presented at trial that appellant had been drinking and driving the automobile prior to the crash.
We hold that sufficient evidence was presented to support the jury’s verdict. Clayton v. State, 36 Ala.App. 175, 54 So.2d 719 (1951); Gurley v. State, 36 Ala.App. 606, 61 So.2d 137 (1952); Gills v. State, 35 Ala.App. 119, 45 So.2d 44 (1950); Bedingfield v. State, 47 Ala.App. 677, 260 So.2d 408 (1972); Darby v. State, 48 Ala.App. 421, 265 So.2d 449 (1972); Ayers v. State, 48 Ala.App. 743, 267 So.2d 533 (1972).
III
Finally, appellant contends that it was error for the trial court to allow the two police officers to testify as experts regarding the location of the vehicles at the time of the impact, and whether appellant’s injuries were consistent with his being the driver of the car.
An individual may qualify as an expert by study, practice, experience, or observation. Radney v. State, Ala.Cr.App., 342 So.2d 942, cert. denied, Ala., 342 So.2d 947 (1976). Another definition is that an expert witness is one who can enlighten a jury more than the average man in the street. Poole v. State, Ala.Cr.App., 342 So.2d 1385 (1977), and authorities therein cited.
“Whether a witness has acquired knowledge beyond that of an ordinary witness so as to qualify him as an expert on a particular subject is within the discretion of the trial court . . . .” Breen v. State, Ala.Cr.App., 349 So.2d 113 (1977).
Both officers not only had formal instructions in accident investigations, but they also had extensive experience in actual accident investigation and reconstruction.
The trial court did not abuse its discretion in allowing testimony regarding the location of the vehicles on impact and whether appellant’s injuries were consistent with his being the driver of the automobile. Breen v. State, supra; Ayers v. State, supra, and authorities herein cited.
We have carefully examined this record and find no error therein. The judgment is therefore
AFFIRMED.
All the Judges concur.

. Neither attorney, prior to trial, advised the court that they wished to withdraw from the case. All defense witnesses except one were present in court, and six of these testified at trial. On date of trial, all documents in prosecutor’s file, including the accident report, were given to defense counsel.