LEIGH M. CLARK,
Retired Circuit Judge.
Appellant was indicted for murder in the second degree. A jury found him guilty of manslaughter in the second degree and fixed his punishment at six months at hard labor. He was sentenced accordingly.
The alleged victim was Tossie McDonald.
Appellant was married about 3:00 P.M. on November 18,1978. There was a change of scene for the wedding reception that night. It was adjacent to a bar in a club. The testimony of most of the witnesses was to the effect that many of the guests had been drinking heavily. There were some words and an altercation on the part of defendant and one Robert Merchant on the one hand with Tossie McDonald, the alleged victim. There was testimony that Merchant and defendant hit McDonald once each on the head, that Merchant hit first, that after defendant hit McDonald, McDonald did not rise. He was taken to the hospital and died four days thereafter. The testimony of his physician and the physician who performed the autopsy upon him was positively that his death was caused by a cerebral hemorrhage. They found no evidence of external injury to the head. Both physicians testified that the hemorrhage could have been caused by a blow to the head and that it could have been caused by a congenital lesion or some vascular abnormality unrelated to recent trauma.
The victim never regained consciousness after he was hit by defendant. Upon his admission to the hospital, and thereafter he was continuously “brain dead.”
Appellant’s only insistence on error is that the evidence was insufficient to support a finding that the deceased died from a blow inflicted upon him in the altercation in which he was hit on the head by Merchant and the defendant. Although defendant denied that he hit McDonald, there is no contention that there was not evidence to the contrary. There is no contention that the death of McDonald could not have been caused by a blow upon his head by a fist of another person. Each of the physicians testified that the hemorrhage and resultant death could have been caused by such a blow.
The instant case is not one in which no effort was made by the State to show by the opinion of available expert witnesses that the victim died from the act of the defendant as alleged in the indictment, which was a factor in the division of the view of the judges on appeal in Dismukes v. State, Ala.Cr.App., 346 So.2d 1170, cert. denied, 346 So.2d 1177 (Ala.1977), wherein previous cases on the subject [ Welch v. *222 State, 45 Ala.App. 657, 235 So.2d 906 (1970); Lowery v. State, 55 Ala.App. 514, 317 So.2d 365, cert. denied, 294 Ala. 763, 317 So.2d 372 (1975) and James v. State, Ala.Cr.App., 339 So.2d 1047 (1976), cert. denied, Ex parte State ex rel., Attorney General, Ala., 339 So.2d 1052] were comprehensively considered. The expert witnesses in the case before us clearly and convincingly testified as to all phases of the cause of death other than as to whether it was the result of trauma on the one hand or intra-cranial abnormalities on the other. As to this, neither definitely stated any opinion. Whether he would have done so upon more specific hypothesization of evidence that the victim had been finally felled by a blow to his head by the fist of defendant, is not clear.
There is not involved in the instant case any question as to any possible independent intervening cause of death between the time of the blow and the victim’s death, which has been a troublesome factor in other cases.
Cases more nearly like the one before us than other cases are Harvey v. State, 15 Ala.App. 311, 73 So. 200 (1916) and Gurley v. State, 36 Ala.App. 606, 61 So.2d 137 (1952).
In Harvey v. State, supra, at 73 So. 201, it is stated:
“Counsel argue at some length that the deceased was a sickly, delicate woman, and that the state failed to show that the blow inflicted by defendant was the cause of her death. The state’s testimony, as given by Mamie Zeigler, an eyewitness, was to the effect that defendant struck deceased over the head with a piece of green stovewood; that immediately deceased sank to the ground and presently stretched out unconscious, remaining so for some time. This was about 1 o’clock p. m., and the deceased died the following day at about 7 a. m. While it would appear that the blow on the head was the sole efficient cause of death, it need not have been; even if it was only a partial cause or contributing factor that accelerated her death, defendant would, in the eyes of the law, have been none the less guilty.”
In Gurley v. State, supra, at 61 So.2d 138, 139, it was held:
“The evidence is without dispute that the fender of accused’s automobile struck deceased’s head; she was thrown twelve to fifteen feet by the impact. When picked up she was unconscious and remained unconscious until her death in a hospital five days later. Under the evidence, the question as to whether deceased died as a result of the injuries inflicted by defendant was for the jury.
“If there is any proof, whether circumstantial or direct, to establish the corpus delicti, the sufficiency of such proof is for the jury and not for the court. Driver v. State, 18 Ala.App. 261, 89 So. 897; Moss v. State, 32 Ala.App. 250, 25 So.2d 700, certiorari denied, 247 Ala. 595, 25 So.2d 703.”
It is readily recognized that ordinarily a lick on one’s head by the fender of a moving automobile or by a stick of stove wood would more likely be lethal than one by a human fist; but if any such case is presented for the determination of the cause of death, without the benefit of an opinion of an expert as to the cause, the circumstances of the particular incident could be as convincing one way or the other in any one of the three situations as in either of the other two. The jury had the benefit of seeing the defendant and of observing the witnesses as they described the altercation. There is nothing in the record to indicate that their finding does not represent their belief from the evidence beyond a reasonable doubt that the death resulted from a blow to the head as charged in the indictment. We conclude that the issue was properly submitted to the jury.
There is no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the *223 Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.